IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                            CRIMINAL NO.  3:14cr78-TSL-FKB

WILLIAM DAVID DICKSON
a/k/a Butch Dickson

## THE GOVERNMENT'S SURREPLY IN OPPOSITION TO THE DEFENDANT'S MOTION TO REVIEW DETENTION ORDER

Title 18 U.S.C. § 3142(f)(2) does not provide for the relief Defendant William David Dickson seeks in his Motion to Review Detention Order [Ct. Doc. No. 7] and in his Reply brief [Ct. Doc. No. 15]. *See* Title 18 U.S.C. § 3142(f)(2).  That is, Section 3142(f)(2) does not give this Court the authority to reopen a hearing that it did not originally conduct. *See* Title 18 U.S.C. § 3142(f)(2); *also see United States v. Patterson,* 2013 WL 5375438, *6 (E.D. La. September 24, 2013).  A detention hearing can only be reopened by the Magistrate Judge who entered the original order of detention. *Id* ("Because a hearing may only be 'reopened' by the same judicial officer who initially held it, Section 3142(f) does not provide the requisite authority for [a different judicial officer]" to reopen the hearing); *see also United States v. Cannon,* 711 F.Supp 2d 602, 606-07 (E.D. Va. 2010) (finding that Section 3142(f) "provides for the reconsideration of a detention order only by the same judicial officer who conducted the original detention hearing"); *United States v. Luisa,* 266 F.Supp. 2d 440, 447 n.3 (W.D. N.C. 2003) (finding that Section 3142(f) applies only "when an order of detention is 'reopened' before the same judicial officer who made the initial determination").

In order for Defendant Dickson to have his detention hearing reopened pursuant to Section 3142(f)(2), he must petition the Honorable Edwin G. Torres, United States Magistrate

Judge for the Southern District of Florida, to reopen the hearing because Magistrate Judge Torres was the judicial officer that conducted the defendant's original detention hearing.  The defendant cannot have his hearing reopened, however, unless he shows Judge Torres that any information he wishes to present to that court was "not known to the movant at the time of the hearing."  Title 18 U.S.C. § 3142(f).  The defendant makes no such showing in his briefings before this Court; instead, he alleges that the information with which he intends to supplement the record was unavailable to him in the arresting jurisdiction simply due to prohibitive cost.[1]  That cost could have been reduced if the defendant had elected to have his detention hearing in this district, the district of prosecution, but he opted to have his detention hearing held in the Southern District of Florida, the district of arrest.  As such, the defendant is not entitled to Section 3142(f)(2) relief, particularly not from this Court.

If this Court were to construe the defendant's motion as one for review and revocation of the detention order  under Title 18 U.S.C. § 3145(b), then this Court would be free to review *de novo* Judge Torres' Detention Order without deference to the Judge Torres' factual findings. *United States v. Kyle,* 49 F.Supp. 2d 526, 527 (E.D. Tex. Jan. 22, 1999).  The defendant, nevertheless, would not be entitled to a new evidentiary hearing on the matter. *Id* ("[A] plenary standard of review … does not mandate a completely new evidentiary hearing.")  The reviewing court "is entitled to rely on the evidence introduced before the Magistrate Judge" who presided over the original hearing. *Id*; *see also United States v. Colombo*, 616 F. Supp. 780 (E.D. N.Y. August 22, 1985); *United States v. Powell,* 813 F. Supp. 903 (D. Mass. November 25, 1992).  The defendant has failed to demonstrate that a full evidentiary hearing is warranted under the

---

[1]  It should be noted that the defendant has substantial assets separate and apart from the $9,095,000.00 he has illegally taken to Panama.  The Court should take note that Defendant's Pre-Trial Services report indicates the defendant has millions of dollars in various financial accounts he owns.

circumstances in this case. Thus, the Court should review the soundness of Judge Torres' Order without holding an entirely new evidentiary hearing.

Defendant Dickson has not advanced any legally sufficient challenges to Judge Torres' findings of fact or conclusions of law. The defendant has advised the court that he wishes to elicit from his "adult children who reside in the Rankin County area" testimony that they will be responsible for ensuring that the defendant complies with any conditions of release that his Court might impose on him. Def.'s Reply at 2. The evidence presented to Judge Torres on the detention issue in this case reveals that the defendant has two adult children, both of whom work for the defendant. In addition, the investigation of this matter has uncovered evidence which shows that more than $8,000,000.00 of the funds the indictment alleges the defendant illegally moved to Panama were transferred into a trust account of which the defendant's two adult children are the beneficiaries. As the defendant's motion makes clear, those funds remain outside the jurisdiction of the United States and under the control of the defendant.[2]

Judge Torres found based on the evidence presented at Defendant's detention hearing that the defendant had transferred without any legal authority to do so $9,095,000.00 that was under the jurisdiction and control of the U.S. Bankruptcy Court for the Southern District of Mississippi to a bank in Panama and that the defendant subsequently fled the United States with the intention of relocating to Costa Rica for an extended period of time. Moreover, after the defendant started illegally converting to himself the subject bankruptcy funds, the defendant established business and financial ties in both Costa Rica and Panama, relocated the Community Home Financial Services computer servers to Panama, set up a call center in Costa Rica, and put several different

---

[2] Defendant, by and through various attorneys, has repeatedly attempted to exchange his release for the return of the $9,095,000.00 he has hidden in Panama. The defendant has claimed that he can and will repatriate the stolen bankruptcy funds into the United States, if the Government will permit the defendant to be released from jail for forty-eight hours and give him access to the internet and to a telephone. The United States has refused to negotiate in that manner.

schemes into play to ensure that mortgage payments were surreptitiously routed to Costa Rica instead of to the Bankruptcy Court. The defendant also rented the penthouse at the Crowne Plaza hotel in San Jose, Costa Rica from March 2014 until March 2015, and purchased a half-million dollar beachfront condominium in Herradura, Costa Rica, in late February, 2014.

The defendant has chosen not to contest the record as it presently exists. Defendant's Motion and Reply contains no argument that Judge Torres' Detention Order is legally or factually flawed. Defendant has not attacked Judge Torres' conclusions or offered any reasons why this Court should interpret the law or facts differently than Judge Torres did. The defendant has chosen, instead, to ask this Court to reopen his prior detention hearing for the sole purpose of expanding the record. For the reasons stated *supra*, the evidence and pleadings before this Court do not support the defendant's request for a new hearing on the matters that Judge Torres already heard and ruled upon. At best, this Court should only permit the defense to present the new testimony from Defendant's adult children and should leave Judge Torres' findings undisturbed.

Even if this court permits the defendant to expand the record before it, the uncontested facts contained in the record support the order of detention and are insurmountable by the offer of third party custodians who have, willingly or otherwise, become indelibly marked by their association with the defendant's attempts to conceal the stolen bankruptcy funds. Because the court is not required to hear new evidence or to conduct a hearing, and because the defendant has failed to come forward with any plausible basis on which this court could base a decision to

release him pending trial, his motion should be denied on the pleadings.

Respectfully submitted, this the 6th day of May, 2014.

          GREGORY K. DAVIS
          United States Attorney

         s/*J. Scott Gilbert*
          J. SCOTT GILBERT
          Assistant United States Attorney
          501 E. Court Street, Suite 4.430
          Jackson, Mississippi  39201-0101
          Voice: (601) 965-4480
          Fax: (601) 965-4409
          scott.gilbert@usdoj.gov
          Mississippi Bar No. 102123

## **CERTIFICATE OF SERVICE**

I, J. Scott Gilbert, hereby certify that on May 6th, 2014, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to all parties of interest.

On this, the 6th day of May, 2014.

                                                    s/*J. Scott Gilbert*
                                                  J. Scott Gilbert
                                                  Assistant United States Attorney